FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 DEC 27  PM 1:03

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

----------------------------------------------------------------- x

DONAVAN BRADLEY,

                      Plaintiff,

CV 12 6377
COMPLAINT

Jury Trial Demanded

            -against-

CITY OF NEW YORK; Police Officer RAUL
FLORES, Shield No. 31687; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

ROSS, J.

POLLAK, MJ

                   Defendants.

----------------------------------------------------------------- x

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Donavan Bradley ("plaintiff" or "Mr. Donovan") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer Raul Flores, Shield No. 31678 ("Flores"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Flores is sued in his individual and official capacities.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 3:40 p.m. on October 31, 2012, plaintiff was lawfully within the vicinity of 440 East 98th Street in Brooklyn, NY.

13. Plaintiff's cousin, Shelton, resided at 440 East 98th Street, Brooklyn, NY.

14. Plaintiff received a telephone call from Shelton requesting that plaintiff come to his residence because someone had threatened him with a screwdriver.

15. As plaintiff approached Shelton's residence he observed two officers already on the scene.

16. One of the officers requested that plaintiff back up, and he immediately complied.

17. Plaintiff leaned back against a car and told one of the officers that someone had threatened his cousin with a screwdriver.

18. The officer responded that he should not worry about it.

19. Soon thereafter, more police arrived on the scene.

20. Without probable cause to believe that he had committed any crime or offense, the officers, including defendant Flores, approached plaintiff and placed him under arrest.

21. An officer informed plaintiff that they were arresting him because they

knew he "wanted to talk more."

22.    Plaintiff told the officer that he did nothing wrong.

23.    In response, the officer struck plaintiff in the face.

24.    Officers then placed plaintiff in a police car.

25.    Plaintiff was eventually taken to the 67th precinct.

26.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in disorderly conduct, obstruct governmental administration, and/or resist arrest.

27.    At no point did officers observe plaintiff engaged in disorderly conduct, obstruct governmental administration, and/or resist arrest.

28.    While plaintiff was at the precinct officers beat him and further subjected him to excessive force.

29.    Despite repeated pleas for medical attention, plaintiff's requests were denied.

30.    Plaintiff was transported from the precinct to Central Booking.

31.    Plaintiff was subsequently arraigned in Kings County Criminal Court where his criminal charges were adjourned in contemplation of dismissal.

32.    After spending a prolonged period of time in custody, plaintiff was released.

33.   Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

34.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.   Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

37.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

40.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

**42.**    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

45. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

46. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

49. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

50.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

51.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53.   Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

54.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as

follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:      December 18, 2012
            New York, New York


            Robert Marinelli
            299 Broadway, Suite 1501
            New York, New York 10007
            (212) 822-1427
            rmarinelli@hmswlaw.com

            *Attorney for plaintiff*